UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ELESHA SOTO,<br><br>Plaintiff,<br><br>v.<br><br>WALMART (PRICE LOCATION), et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>Case No. 2:22-cv-00735<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Elesha Soto, proceeding *in forma pauperis*, filed this action against Walmart (Price Location), Phillips 66 Fuel Station, Carbon County Administration Building, Swift Stop and Shop Shell Gas Station, and Family Dollar.[1] After screening Ms. Soto's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court ordered Ms. Soto to file an amended complaint by April 28, 2023.[2] The court noted failure to file an amended complaint could result in dismissal of this action. Ms. Soto did not file an amended complaint by the deadline in the court's order or anytime thereafter.[3]

---

[1] (*See* Compl., Doc. No. 5.)

[2] (*See* Mem. Decision and Order to File Am. Compl., Doc. No. 10.)

[3] On April 21, 2023, Ms. Soto filed a document captioned "Motion [for] Ordered to Amend Complaint/Default Judgment, Certificate of Default Judgment." (Doc. No. 11.) Ms. Soto stated she disagreed with the order to amend her complaint, and she sought entry of a default certificate and default judgment against the defendants. (*Id.*) The court denied Ms. Soto's motion on April 25 and reminded her of her obligation to file an amended complaint by April 28. (Doc. No. 12.) Ms. Soto filed a notice of change of address on July 21, 2023 (Doc. No. 13), and the April 25

1

Because Ms. Soto's complaint fails to state a plausible claim for relief and further opportunities to amend would be futile, the undersigned[4] recommends the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[5] In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8] But the

---

order was mailed to Ms. Soto's new address on July 25, 2023, (*see* Doc. No. 14). Ms. Soto has not filed any other documents since that time.

[4] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 8.)

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[7] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[8] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

court need not accept the plaintiff's conclusory allegations as true.[9]  "[A] plaintiff must offer specific factual allegations to support each claim."[10]

Because Ms. Soto proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[11]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[12]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[13]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[14] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

---

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[11] *Hall*, 935 F.2d at 1110.

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[13] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[14] *Hall*, 935 F.2d at 1110.

[15] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

ANALYSIS

Ms. Soto's complaint consists of a pro se complaint form, sixty-five pages of handwritten allegations, and more than one hundred pages of other attachments.[16] In the form complaint, she identifies the defendants as Walmart (Price Location), Phillips 66 Fuel Station, Carbon County Administration Building, Swift Stop and Shop Shell Gas Station, and Family Dollar.[17] Ms. Soto checked a box on the form indicating she is bringing a *Bivens* claim for violations of her constitutional rights.[18] She also indicates on the form that she is bringing claims under 42 U.S.C. § 1983 for "den[ial] of public accommodations as a pattern, years of abuse, nonstop attacks, police misconduct," and "long term discrimination, unlawful treatments, as to race, color, and of a different origin."[19] She alleges she was refused service at a Phillips 66 gas station, Shell gas station, Walmart, and Family Dollar on various dates in 2022, with "no prior warnings, no laws broken, or problems needing attention at time of no trespassing notices."[20] She also alleges these locations had "repeated patterns of poor service to customer[s]," price markups, shortage of fuel, and "access[ed] all personal records of each customer for personal gain and profit."[21] She seeks five million dollars in damages.[22]

---

[16] (*See* Compl., Doc. No. 5; Exs. 1–4 to Compl., Doc. Nos. 5-1–5-4.)

[17] (*See* Compl. 2–4, Doc. No. 5.)

[18] (*See id.* at 3); *see also Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[19] (Compl. 3, 5, Doc. No. 5.)

[20] (*Id.* at 5.)

[21] (*Id.* at 6.)

[22] (*Id.*)

4

Ms. Soto's lengthy handwritten allegations are difficult to follow and largely address grievances against entities not named as defendants, such as the Helper City Police Department, the post office, local courts, the Utah Division of Child and Family Services, a bank, and McDonalds.[23] She again alleges she was refused service at various gas stations, Walmart, and Family Dollar with no warning or reasons given, even though no crime had been committed.[24] She alleges Walmart employees are always using mobile phones, and this has caused her husband and daughter to "alter personalities" within Walmart.[25] She also complains that Walmart conducts surveillance which it shares with law enforcement, collects customers' personal information, and is "operating in the black market, sex trafficking [] minors, [and] trading sales of hostages."[26] Ms. Soto's lengthy attachments do not contain allegations regarding any of the named defendants.[27]

Ms. Soto's complaint fails to state a plausible claim for relief against any of the named defendants. As an initial matter, she has not alleged facts sufficient to characterize any defendants as federal actors, as required to state a *Bivens* claim.[28] She also fails to allege facts sufficient to show any defendants other than Carbon County are state actors or "jointly engaged

---

[23] (*See id.* at 8–33, 38–43, 47–52, 61–68.)

[24] (*See id.* at 34–37.)

[25] (*Id.* at 44–45.)

[26] (*Id.* at 53–61.)

[27] (*See* Exs. 1–4 to Compl., Doc. Nos. 5-1–5-4.)

[28] *See Romero v. Peterson*, 930 F.2d 1502, 1506 (10th Cir. 1991) ("To state a Bivens action, [a] plaintiff must allege circumstances sufficient to characterize defendants as federal actors.").

with state officials in the conduct allegedly violating [a] federal right," as required to state a claim under 42 U.S.C. § 1983.[29]  Further, Ms. Soto fails to "identify *specific* actions taken by *particular* defendants" in violation of her federal rights.[30]  She does not identify any specific actions by Carbon County or its officials which have violated her rights.  And her allegations that the other defendants refused service to her for no reason do not implicate any federal rights.  Ms. Soto's conclusory references to denial of public accommodation and discrimination based on race, color, and "different origin"[31] are unsupported by factual development and insufficient to state a plausible claim for relief.  Although Title II of the Civil Rights Act of 1964 prohibits discrimination based on race, color, or national origin by place of public accommodation,[32] Ms. Soto fails to allege specific acts of intentional discrimination by any particular defendant.[33]  Finally, her vague allegations that Walmart is involved in criminal activity are similarly unsupported by factual development and fail to state any cognizable claim.

For these reasons, Ms. Soto's complaint fails to state a plausible claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii).  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it

---

[29] *Janny v. Gamez*, 8 F.4th 883, 919 (10th Cir. 2021).

[30] *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (citation omitted).

[31] (Compl. 5, Doc. No. 5.)

[32] *See* 42 U.S.C. § 2000a.

[33] *See Travelers Cas. and Sur. Co. of Ill. v. Rage Admin. and Mktg. Servs., Inc.*, 42 F. Supp. 2d 1159, 1167 (D. Kan. 1999) (noting claims for denial of public accommodation under 42 U.S.C. § 2000a "require intentional discrimination or discriminatory animus").

6

would be futile to give [her] an opportunity to amend."[34]  The court previously identified these deficiencies and ordered Ms. Soto to amend her complaint to correct them, but Ms. Soto failed to do so.  Therefore, further opportunities to amend would be futile, and dismissal is appropriate.

## RECOMMENDATION

Where Ms. Soto's complaint fails to state a plausible claim for relief, and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).  The court will send this Report and Recommendation to Ms. Soto, who is notified of her right to object to it.  Any objection must be filed within fourteen days of service.[35]  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 8th day of August, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[34] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[35] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).